NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CODY SMITH,

        Plaintiff,

v.

TOWNSHIP OF BERNARDS, et al.,

        Defendants.

Civil Action No. 17-4551 (MAS) (LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on two motions filed by Plaintiff Cody Smith ("Plaintiff"): (i) a motion to remand this case to the Superior Court of New Jersey, Law Division, Civil Part in Somerset County for lack of subject matter jurisdiction (ECF No. 9); and (ii) a motion to strike certain of Defendants Township of Bernards, Bernards Township Planning Board, and Bernards Township Committee's ("Defendants") answers and defenses to Plaintiff's complaint (ECF No. 10). Defendants filed opposition to both motions (ECF Nos. 11, 13) and Plaintiff replied (ECF Nos. 15, 16). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Plaintiff's motion to remand is GRANTED and Plaintiff's motion to strike is DENIED as moot.

**I.    BACKGROUND**

    On May 25, 2017, Plaintiff filed a Complaint in Lieu of Prerogative Writs against Defendants in the Superior Court of New Jersey, Law Division, Civil Part in Somerset County. (Notice of Removal; Compl., Ex. A, ECF No. 1) (hereinafter "Compl."). Plaintiff claims that Defendants violated the Open Public Meetings Act, N.J.S.A. § 10-4-6 *et seq.* ("OPMA"), by failing

to provide the public with statutorily required notice of the May 23, 2017 Bernards Township Planning Board and Bernards Township Committee meeting ("May 23 Meeting"). (*Id.* at ¶¶ 27-36.) During the May 23 Meeting, the Bernards Township Planning Board and Bernards Township Committee voted to enter into agreements settling three cases against Defendants. (Compl. ¶ 8; Defs.' Opp'n Br. 6, ECF No. 13.[1]) The agreements relevant to the instant motion settle the following cases: (i) *Islamic Society of Basking Ridge ("ISBR") v. Bernards Township et al.*, Case Number 3:16-cv-01369; and (ii) *United States v. Bernards Township et al.*, Case Number 3:16-cv-08700.[2] (Compl. ¶ 8.)

On May 30, 2017, the Court incorporated the terms of the settlement of the ISBR case ("ISBR Settlement") into an order and stated that it "shall retain jurisdiction in this case for all purposes for the term set forth in the [ISBR] Settlement Agreement." (May 30, 2017 Order, Ex. F, ECF No. 12-2.)

On June 21, 2017, Defendants removed the Complaint to this Court, invoking the Court's jurisdiction pursuant to 28 U.S.C. § 1441, the removal statute, and 28 U.S.C. § 1331, the statute that provides federal district courts with original jurisdiction over all civil actions arising under federal law. (Notice of Removal ¶ 4.) Defendants asserted that Plaintiff's Complaint "seeks to interfere with and/or invalidate a Federal Court Order[;] [t]herefore, [Plaintiff's] requested relief necessarily relies on the resolution of substantial questions of federal law." (*Id.* at ¶ 6.)

---

[1] Because Defendants' Opposition Brief does not contain page numbers, the Court will provide citations to the page numbers assigned by the electronic filing system.

[2] The third agreement is a settlement of *Bernards Township v. QBE Specialty Insurance Company/Summit Risk Services et al.* – Arbitration Case 01-16-0003-5508. (Compl. ¶ 8.)

2

## II. **LEGAL STANDARD**

### A. Removal

Under 28 U.S.C. § 1441(a), a defendant in a state court civil action may remove the case to federal court if the federal court would have had original jurisdiction to hear the case. *See* 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal courts have original jurisdiction over two types of actions: (i) cases that involve diversity jurisdiction pursuant to 28 U.S.C. § 1332, "disputes between citizens of different states involving the requisite amount in controversy;" and (ii) cases that involve federal question jurisdiction pursuant to 28 U.S.C. § 1331, "disputes 'arising under the Constitution, laws or treaties of the United States.'" *New Jersey v. City of Wildwood*, 22 F. Supp. 2d 395, 400 (D.N.J. 1998) (quoting 28 U.S.C. § 1331).

At all stages of a litigation, the removing party bears the burden of demonstrating that the federal court has subject matter jurisdiction over the action. *See Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007); *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Accordingly, when presented with an argument for remand, "the burden of establishing removal jurisdiction rests with the defendant." *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 359 (3d Cir. 1995). Removal statutes are strictly construed—when doubt exists as to the propriety of removal, remand is favored. *Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214, 218 (3d Cir. 2015) (citing *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985)).

### B. Federal Question Jurisdiction

In this case, because the parties are not diverse, removal is permissible only if federal question jurisdiction exists pursuant to 28 U.S.C. § 1331. "[A] case arises under federal law when federal law creates the cause of action asserted." *Goldman v. Citigroup Glob. Mkts., Inc.*, 834 F.3d 242, 249 (3d Cir. 2016) (citing *Gunn v. Minton*, 568 U.S. 251, 256 (2013)). "[T]he plaintiff [is]

3

the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Kline v. Sec. Guards, Inc.*, 386 F.3d 246, 252 (3d Cir. 2004) (quoting *Caterpillar*, 482 U.S. at 392). If the plaintiff raises a state law claim, however, "there is a special and small category of cases in which arising under jurisdiction still lies." *Goldman*, 834 F.3d at 249 (internal quotations and citation omitted). The Supreme Court described this class of cases in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005). In *Grable*, the Supreme Court held that "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Goldman*, 834 F.3d at 250 (citing *Gunn*, 568 U.S. at 258).

In either case, "the party asserting jurisdiction must satisfy the 'well-pleaded complaint rule,' which mandates that the grounds for jurisdiction be clear on the face of the pleading that initiates the case." *Goldman*, 834 F.3d at 250 (citing *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 9-11 (1983)). "[A]nything alleged in anticipation of avoidance of [defendant's] defenses" may not be considered. *Franchise Tax Board*, 463 U.S. at 10 (citing *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914)). "[A] well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Goldman*, 834 F.3d at 250 (citing *Franchise Tax Bd.*, 463 U.S. at 27-28).[3]

---

[3] Defendants, who bear the burden of establishing subject matter jurisdiction, do not appear to assert jurisdiction based on federal preemption or squarely address the test set forth in *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). The Court, therefore, declines to conduct a detailed analysis of these two grounds.

4

## III. DISCUSSION

### A. Plaintiff's Argument

Plaintiff alleges that Defendants cannot meet their burden to establish federal subject matter jurisdiction because: (i) his Complaint implicates only state law issues regarding the OPMA; and (ii) Defendants cannot prove that Plaintiff's OPMA claims either (a) present a "substantial federal question that is a direct and essential element of [his] cause of action," or (b) are preempted by federal law such that these claims are actually federal in nature. (Pl.'s Moving Br. 7, ECF No. 7-1.) Plaintiff asserts that his OPMA challenge regarding approval of a settlement agreement in a federal case does not raise a question of federal law. (*Id.*)

### B. Defendants' Argument

Defendants contend that Plaintiff's argument is flawed because it fails to consider that the ISBR Agreement was incorporated into an enforceable order of the Court, and the Court retained jurisdiction over "this case for all purposes" during the term of the agreement. (Defs.' Opp'n Br. 8.) Defendants further assert that the Court has ancillary jurisdiction to hear the instant case based on its power to "function successfully, . . . manage its proceedings, vindicate its authority, and effectuate its decrees." (*See id.* at 10-11 (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380 (1994)).) Because the Court had jurisdiction over the ISBR's claims, Defendants assert it has ancillary jurisdiction over Plaintiff's claims as ancillary to the ISBR case. (*Id.* at 15.) Finally, Defendants argue that in this case, the All Writs Act allows the Court to assert jurisdiction. (*Id.* at 18.)

### C. Discussion

While the Court did incorporate the terms of the ISBR Settlement into its May 30 Order and retain jurisdiction, the Court finds that Plaintiff's Complaint challenging approval of various

5

settlements raises only state law claims under the OPMA. Defendants have not carried their burden of demonstrating that Plaintiff's state law claims present a substantial federal question or are preempted by federal law. *See City of Wildwood*, 22 F. Supp. 2d at 403-04 (noting that "the issue to be decided is whether the city had the authority to enter into the settlement agreement in the first place," which "turns on the application and interpretation of purely state laws"); *Old Bridge Twp. Raceway Park, Inc. v. Twp. of Old Bridge*, No. 13-5219, 2013 WL 5793452, at *1-2 (D.N.J. Oct. 28, 2013) (stating that even though a related case was in front of the court and "intuitively" it would seem to make sense to have both cases proceed there, in a case involving a state law zoning dispute, the court lacked subject matter jurisdiction).

Additionally, the Court finds unpersuasive Defendant's argument that because the Court had jurisdiction over the ISBR's claims, it has ancillary jurisdiction over Plaintiff's challenge to the validity of the case's settlement. (Defs.' Opp'n Br. 15.) Generally, courts exercise ancillary jurisdiction for two purposes: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen*, 511 U.S. at 379-80 (citations omitted).[4] Ancillary jurisdiction, however, is not

---

[4] In *Kokkonen*, the district court entered a Stipulation and Order of Dismissal with Prejudice that did not make reference to or reserve jurisdiction to enforce a settlement agreement. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 376 (1994). A dispute arose over the petitioner's obligations under the settlement agreement and the respondent moved to enforce. *Id.* The district court entered an enforcement order, which was affirmed by the Ninth Circuit on appeal as justified by the court's "inherent supervisory power." *Id.* The Supreme Court held that ancillary jurisdiction could not support the district court's action. *Id.* at 380. The Supreme Court stated, however, that the outcome would be different if the court in its order of dismissal retained jurisdiction or incorporated the terms of the settlement agreement into the order. *Id.* at 381. The instant case is distinguishable from *Kokkonen*, where a party to the original case and settlement agreement moved to enforce the agreement. Here, a non-party to ISBR law suit and ISBR Settlement is challenging the procedure by which the ISBR Settlement (an others) were adopted.

available here because "[i]n a subsequent lawsuit involving claims with no independent basis for jurisdiction, a federal court lacks the threshold jurisdictional power that exists when ancillary claims are asserted in the same proceeding as the claims conferring federal jurisdiction." *Peacock v. Thomas*, 516 U.S. 349, 354 (1996) (citing *Kokkonen* 511 U.S. at 380-81 and *H.C. Cook Co. v. Beecher*, 217 U.S. 497, 498-99 (1910)). "Consequently, claims alleged to be factually interdependent with and, hence, ancillary to claims brought in an earlier federal lawsuit will not support federal jurisdiction over a subsequent lawsuit." *Peacock*, 516 U.S. at 354. The Court, therefore, lacks ancillary jurisdiction over Plaintiff's claims in the instant case.

Additionally, contrary to Defendants' assertion, the All Writs Act does not provide the Court with original jurisdiction to hear this case. In *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002), the Supreme Court held that where a statute addresses the pertinent issue, the statute controls. The Court opined that removal jurisdiction is statutory and a party must comply with that statute to remove a case. *Id.* Accordingly, the Court held that the All Writs Act does not vest the federal courts with original jurisdiction and cannot confer the original jurisdiction required to remove a case to federal court. *Id.* at 33. Defendants must comply with the requirements set forth in 28 U.S.C. § 1441 in order to remove Plaintiff's state court action, and they have failed to do so.

## IV. <u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's motion to remand is GRANTED and Plaintiff's motion to strike is DENIED as moot. An order consistent with this opinion will be entered.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Date: November 29th, 2017